(C. D. 1170)

BRIN BROS. & SENEGRAM *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 2, 1949)

*Philip Stein* for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Samuel D. Spector, Harold L. Grossman, Daniel I. Auster,* and *Arthur R. Martoccia*, special attorneys), for the defendant.

Before TILSON, EKWALL, and MOLLISON, Judges

TILSON, Judge: This suit against the United States involves the question of the proper classification of certain rags which were classified by the collector as wiping rags, other than rags chiefly used in paper making, and duty was levied thereon at the rate of 3 cents per pound under paragraph 922 of the Tariff Act of 1930. Although more than one claim is made by plaintiff, the only claim relied upon is that the merchandise is free of duty under paragraph 1750 of said act.

For ready reference the two paragraphs in question are quoted in full:

PAR. 922. Rags, including wiping rags, wholly or in chief value of cotton, except rags chiefly used in paper-making, 3 cents per pound.

PAR. 1750. Rag pulp; paper stock, crude, of every description, including all grasses, fibers, rags, waste (including jute, hemp, and flax waste), shavings, clippings, old paper, rope ends, waste rope, and waste bagging, and all other waste not specially provided for, including old gunny cloth, and old gunny bags, used chiefly for paper making, and no longer suitable for bags.

The only language of paragraph 1750 with which we are here concerned is:

\* \* \* paper stock, crude, \* \* \* including all \* \* \* rags, \* \* \* used chiefly for paper making, \* \* \*.

It appears that there are four items of merchandise on the invoice covered by this suit, the first item, 321, being described as "Best Bleached White Rags"; the second item, 322, being described as "2nd Bleached White Rags." This merchandise was assessed with duty at 3 cents per pound under paragraph 922, as aforesaid. The remaining two items, 323 and 324, consisting of 6 bales of "Unwashed White Rags" and 33 bales of "Old Underwear Rags," respectively, were classified as paper stock, and accorded free entry under paragraph 1750. The two last items are therefore not here involved.

The plaintiff offered the testimony of two well-qualified witnesses, the first one testifying in substance that the two items assessed with

duty and the two items accorded free entry are all practically the same, except that the seller abroad would not guarantee the latter would all be clean and white, whereas the two items assessed with duty were guaranteed to be clean. The witness also testified as to the percentages of different sizes of the rags included in the four items hereinbefore set out, that is, the percentage of rags that was 144 square inches or less and the percentage that was 288 square inches or less.

The witness, who was a member of the importing firm, readily testified that he sold some of the rags covered by the four items for various purposes, including dust cloths, polishing cloths, wiping cloths, and for paper stock; that he had visited paper mills, where he had seen rags like the four items on the invoice used for making paper, including all sizes here involved; that he had sold "Best Bleached White Rags" and rags similar to all the items on the invoice for making paper or paper stock; that all may be used in the same way for the same purpose; that he had also purchased domestic rags of the same grade as those here involved and sold them for use in making paper; that with the exception of imported rags being damp, there is no difference between domestic and imported rags.

At a second hearing in this case, this witness further testified that all four items on the invoice are practically the same; that he regularly sells the first two items on the invoice for making paper; that the sizes in the different bales make no difference as to their use.

Q. Mr. Senegram, would you say then that merchandise such as the first two items on this invoice which we are contesting here are used according to your knowledge principally for paper stock?—A. Yes, sir.

The second witness had been purchasing rags in large quantities for a period of 20 years from all four corners of the earth for the A. A. Silverton Co. of New York and Holyoke, Mass., his company having a warehouse in the latter city where it grades rags to meet the requirements of each individual paper mill. It was conceded that Holyoke was the largest paper-making center in the United States.

The witness stated that he had visited all, or a great number of the paper mills in Holyoke, including the largest mill there and had witnessed the method of producing pulp from rags and the use of rags for paper stock; that he had seen all of the grades here involved used as paper stock.

Q. In all of your experience has the grading of best bleached white rags or second bleached white rags changed in any way with respect to their suitability for use as paper stock?—A. No; not to my knowledge. They are all bleached white cotton. They have always been suitable for paper.

 * * * * * * *

Q. That is for over 20 years?—A. Yes, sir.

Q. It is the same class of rags, is it not, that has been used during all of that period for paper stock?—A. Yes.

At the close of plaintiff's testimony, counsel for the defendant made the following motion:

> In this case, I have consulted with Mr. Gulick, the Appraiser. We have read the record and we have come to the conclusion that it is unnecessary to offer any testimony on behalf of the Government, because we feel the importer has not made out a *prima facie* case. Under the circumstances, the Government will move to dismiss the importer's protest on the grounds that he has failed to make out a *prima facie* case, and has failed to show a segregation as required by Section 508 of the Tariff Act of 1930, * * *.

Since the defendant did not offer any testimony, we have for consideration only the testimony of the two witnesses for the plaintiff, both of whom were well-qualified by reason of their long experience in dealing in large quantities of such and similar rags. Their testimony, therefore, stands without contradiction, and in our opinion is sufficient to establish a *prima facie* case for the plaintiff.

There is no question here involved regarding the segregation of this merchandise under section 508 of the Tariff Act of 1930. Plaintiff makes no claim that the involved merchandise contains both dutiable and free merchandise, or that different portions of the involved merchandise are dutiable at different rates. We therefore need give no further consideration to that portion of defendant's motion to dismiss which is based upon a failure on the part of the plaintiff to segregate the merchandise. The cases cited by counsel for defendant in support of its motion to dismiss involved merchandise which was commingled, a portion thereof being claimed free of duty and a portion being admittedly dutiable.

With reference to the time when chief use of merchandise should be established, whether at or prior to enactment of the act involved, or at or immediately prior to the date of importation of the involved merchandise, our appellate court, in *Wilbur-Ellis* v. *United States*, 18 C. C. P. A. 472, observed:

> While the common or commercial meaning of an *eo nomine* designation in a tariff act must be determined as of the effective date of that act, we think that where it is provided that an article shall be classified under a particular provision of a tariff law if chiefly used for a specified purpose, a different rule should prevail. In such case, if there be an *eo nomine* designation, the common meaning thereof must be determined as of the date of the enactment of the tariff act, but if it is further provided that the thing designated shall be classified under a given provision only if chiefly used for a specified purpose, the question of use should be determined, not as of the effective date of the tariff act but as of the date of the importation of the particular merchandise involved or immediately prior thereto.

The above holding finds support in *United States* v. *Belgam Corp.*, 22 C. C. P. A. 402. However, in *United States* v. *Schapiro*, 24 C. C. P. A. 343, the rule therein announced does not, at first reading, appear to be in entire accord with the rule announced in the *Wilbur-Ellis* case, *supra*. We quote the following from the *Schapiro* case, *supra*:

The Government contends that, inasmuch as "rags" and "wiping rags" are *eo nomine* provided for in paragraph 922, the exception in the paragraph—"except rags chiefly used in paper-making"—does not modify the term "wiping rags" but only the term "rags", and that therefore the exception does not apply to wiping rags. However this may be, the term "wiping rags" is a descriptive term, and the meaning to be given to it is the meaning which it had at the time of the enactment of the Tariff Act of 1930. *Goldsmith's Sons* v. *United States*, 13 Ct. Cust. Appls. 69, T. D. 40932; *Wilbur-Ellis Co. et al.* v. *United States*, 18 C. C. P. A. (Customs) 472, T. D. 44762. If rags similar to those here involved were not chiefly used as wiping rags at the time of the enactment of the said tariff act, they were not in a tariff sense "wiping rags."

In the case before us it is established that no change had occurred in the use of rags such as here involved between the time of the enactment of the Tariff Act of 1930 and the dates of the importations of the rags here involved.

It will be observed that said paragraph 922 provides for two classes of merchandise, to wit, rags, *per se*, and also for wiping rags, the rags in the second class being designated by the descriptive term "wiping." In order for merchandise to fall within the dutiable classification of said paragraph 922, it does not necessarily have to be wiping rags. Just plain rags are also covered by the provisions of the paragraph. In order for either or both of said classes of merchandise to fall within the provisions of said paragraph, they must be "wholly or in chief value of cotton," and they must be rags or wiping rags which are not chiefly used in paper making.

Thus, if merchandise were classified as "rags" under said paragraph 922, this being an *eo nomine* designation, "* * * the common meaning thereof must be determined as of the date of the enactment of the tariff act," as held in the *Wilbur-Ellis* case, *supra*. Likewise, if merchandise were classified as "wiping rags" under said paragraph 922, that would be "* * * a descriptive term, and the meaning to be given to it is the meaning which it had at the time of the enactment of the Tariff Act of 1930," as held in the *Schapiro* case, *supra*.

On the other hand, if there be an *eo nomine* designation, and "* * * if it is further provided that the thing designated shall be classified under a given provision only if chiefly used for a specified purpose, the question of use should be determined, not as of the effective date of the tariff act but as of the date of the importation of the particular merchandise involved or immediately prior thereto," as held in the *Wilbur-Ellis* case, *supra*.

Under the specific exception contained in said paragraph 922— "* * * except rags chiefly used in paper-making"—merchandise which would otherwise fall under either the *eo nomine* designation, "rags," or under the descriptive term, "wiping rags," contained in said paragraph 922, would find its proper classification under paragraph 1750, when it was established that such merchandise belonged to that general class and character which was chiefly used for paper making as of the date of the importation of the particular merchandise involved

or immediately prior thereto, as held in the *Wilbur-Ellis* and *Belgam* cases, *supra*.

Upon a full consideration of the entire record, we are satisfied that the plaintiff has established by uncontradicted evidence that all the merchandise represented by items 321 and 322 on the invoice belonged to that general class and character of rags which were chiefly used for paper making as of the date of the importation of the particular merchandise involved or immediately prior thereto. We therefore hold the merchandise, covered by the two items last above named, entitled to free entry under paragraph 1750 of the Tariff Act of 1930, as alleged by the plaintiff. That claim in this suit is sustained; in all other respects and as to all other merchandise all claims are overruled.

In view of the conclusion reached it is unnecessary to make further reference to the motion of counsel for the defendant to dismiss this suit for failure of the plaintiff to make a *prima facie* case, other than to deny the same. Judgment will be rendered accordingly.